## Case No. 375.

### ANDREWS' EX'RS v. GARETT.

[1 Flip. 445;[1] 22 Int. Rev. Rec. 42: 1 N. Y. Wkly. Dig. 452: 2 Cent. Law J. 797; 2 N. Y. Wkly. Dig. 142; 8 Chi. Leg. News. 122; 1 Law & Eq. Rep. 40.]

Circuit Court, S. D. Ohio. Nov., 1875.

REMOVAL OF CAUSES — ACT OF 1875—TIME WHEN CAUSE MAY BE REMOVED.

By the provisions of section 3, Act 1875, [18 Stat. 470.] a cause pending when the act was passed may be removed to the federal from the state court, if "at or before the first term at which said cause could be first tried" after the passage of the act the petition and bond are filed. It was so held in a case where there had been a trial, and a new trial was granted before the act passed.

[Cited in Crane v. Reeder. Case No. 3,356; Merchants' Bank v. Wheeler, Case No.

[1][Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

9,439; Young v. Andes Ins. Co., Id. 18,151. Approved in Hoadley v. San Francisco, Id. 6,544; Meyer v. Delaware Railroad Const. Co., 100 U. S. 473.]

At law. On the 25th day of March, A. D. 1867, suit was brought by the plaintiffs [as executors of Andrews, deceased] against the defendants in the court of common pleas of Ohio, to recover the sum of $10,000 deposited with the defendants as indemnity for acceptance by them for the accommodation of the Steubenville and Indiana Railroad Company, and which the plaintiffs claim the defendants became liable to pay to them. Attachments were issued, and certain property was attached. On the 18th day of May, 1867, the defendants filed the motion to remove the cause into the circuit court of the United States. Upon the hearing of the motion it appeared that one of the plaintiffs was a citizen and resident of Illinois, and one a citizen and resident of Minnesota. The motion was overruled. Thereupon the parties made up the issues in said court of common pleas, and at the April term, 1873, a jury was waived and the case submitted to the court, and judgment rendered in favor of the defendants. The plaintiffs were awarded a second trial, amendments were made to the pleadings, and the cause was, at the November term, 1874, tried before a jury, and a verdict had for the plaintiffs. At the same term the verdict was set aside, and the cause was continued till the January term, 1875. On the 25th of January the cause was continued. At the same term, on April 25, 1875, this order was set aside, and a petition was filed by the defendants praying for a removal of the cause to the circuit court of the United States, under the provisions of the act of congress of March 3, 1875. Bond with good security was also filed. The grounds of removal were, that the defendants were citizens and residents of the state of Maryland, and that one of the plaintiffs was a resident of the state of Illinois, one a citizen and resident of Minnesota, and the other a citizen and resident of Ohio. The application was resisted on the ground that the case did not come within the provision of the act of March 3, 1875, because not filed with the court at or before the first term at which the cause could be tried, and before the trial thereof. On the hearing of this petition, the court, for the reason that the action was triable, and was actually tried in said court before the passage of the act of congress, overruled said motion. On the 12th day of May, 1874, the defendants filed in this court a transcript of the record and proceeding in said cause. On the 6th day of October, a motion was filed to strike the case from the docket for want of jurisdiction in this court.

Mr. Granger, of Muskingum county, and E. F. Hunter. for the motion.

A. G. Thurman, opposed.

SWING, District Judge. The disposition of this motion involves the construction of the second and third sections of the act of congress, passed March 3, 1875, [18 Stat. 470,] providing, etc. The second section of that act provides: "That any suit of a civil nature, at law or in equity, now pending or hereafter brought in any state court where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, and arising under the constitution or law of the United States; * * * or, in which there shall be a controversy between citizens of different states, etc., either party may remove said suit into the circuit court of the United States for the proper district. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs as defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district." The third section provides: "That whenever either party or any one or more of the plaintiffs or defendants entitled to remove any suit mentioned in the next preceding section, shall desire to remove such suit from a state court to the circuit court of the United States, he or they may make and file a petition in such suit in such state court before or at the term at which said case could be tried, and before the trial thereof." The remaining part of the section refers to the bond and proceedings on removal.

It is not denied that the amount involved in this case, and the citizenship of the parties, were within the requirements of the second section. The amount was over $500. The controversy was between citizens of different states, and the suit was pending in a state court at the time of the passage of the act of congress, possessing every element to authorize its removal to the circuit court of the United States. The third section simply provided the time when and the mode in which the application shall be made for such removal, and the steps necessary to accomplish it. The mode is to be by petition to the state court, and the time is before or at the term at which said cause could be first tried, and before the trial thereof. The facts found by the learned judge of the state court show that the petition was properly filed, and all the necessary steps taken in accordance with the provisions of the third section, and that the petition was filed before or at the term at which said cause could be tried after the passage of said act of congress. And if the term referred to be the term after the passage of the act, there can be no controversy in the case. The jurisdiction must be admitted. That congress had the power to authorize the removal of the cause in its then condition cannot be doubted. Home Life Ins. Co. v. Dunn, 19 Wall. [86 U. S.]

214. Did they, by the terms and the spirit of this statute, so authorize its removal? The language of the statute is, any suit now pending; in other words, all suits now pending of the requisites may be removed, and the length of time which the suit had been pending, or the condition it was in if no final judgment had been rendered, could make no possible difference in the reason which operated upon congress to confer the jurisdiction, as is clearly shown in the reasoning of the court in the case of Home Life Ins. Co. v. Dunn, [Id.] The term referred to is the term at which said cause—what cause? The cause referred to in the second section; to-wit: any cause pending at the passage of the act could be first tried after the passage of the act, and not the term, at which said cause could have been tried long before the passage of the act. The motion will, therefore, be overruled.